**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1285-24

TANNIA WINSTON,

     Plaintiff-Appellant,

v.

JERSEY CITY PUBLIC
LIBRARY (GREENVILLE
LOCATION),

     Defendant-Respondent.

_____

> Argued May 5, 2026 – Decided August 4, 2026
>
> Before Judges Chase and Augostini.
>
> On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0405-24.
>
> Tannia Winston, appellant, argued the cause on appellant's behalf.
>
> Ronald C. Hunt argued the cause for respondent (Hunt, Hamlin & Ridley, attorneys; Ronald C. Hunt, on the brief).

PER CURIAM

Plaintiff Tannia Winston appeals from a July 23, 2024 order denying her motion to file a late Tort Claims Act notice and dismissing her complaint with prejudice. She also appeals from a August 20, 2024 order denying reconsideration of the July 23 order. Having reviewed the record carefully and the governing law, we affirm.

I.

On January 26, 2024, plaintiff filed a six-count complaint against the Jersey City Public Library, alleging slander, discrimination, harassment, and other wrong acts by library personnel. She attached to her complaint an "Initial Notice of Claim for Damages" dated January 12, 2024, referencing an incident at the library on December 15, 2023. Plaintiff acknowledged that she mistakenly served this notice of tort claim on the State of New Jersey.

Six months after the incident, plaintiff moved to extend the time to file a notice of tort claim, noting that she "found out that the Jersey City Public Library . . . [is] a city entity" and not a "[s]tate [e]ntity." Plaintiff incorrectly believed that because the library received state funding, it was a state entity, and therefore, she served the tort claims notice on the State instead of on the municipality. Attached to her motion, plaintiff included a notice of claim with the City of Jersey City's Office of Risk Management dated April 28, 2024.

A-1285-24

On July 19, 2024, the judge heard oral argument on plaintiff's motion. On the same day, the judge denied plaintiff's motion, finding that she had failed to show extraordinary circumstances "that would justify her failing to be able to identify Jersey City as the operator of the Jersey City Public Library." Having not found extraordinary circumstances justifying the late filing, the judge did not permit plaintiff to file the tort claims notice late "within one year after the accrual of his [or her] claim." N.J.S.A. 59:8-9. The judge reasoned that it was difficult to see how plaintiff could reasonably confuse a city public library to be a State of New Jersey entity. On July 23, 2023, the judge issued two orders: (1) denying plaintiff's motion to file a late tort claim notice; and (2) granting defendant's cross-motion for failure to state a claim and dismissing plaintiff's complaint with prejudice.

Plaintiff filed for reconsideration. On August 20, 2024, the motion judge denied reconsideration, and this appeal followed.

II.

We review de novo a motion to dismiss for failure to state a claim under Rule 4:6-2(e). Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (citing Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019)).

3

The New Jersey Tort Claims Act, N.J.S.A. 59:1-1 to -12-3, requires a litigant to notify a public entity of the intent to sue for damages within ninety days of the date the cause of action accrued. N.J.S.A. 59:8-8. If timely notice is not provided, a litigant may, at the discretion of the court, be permitted to file a late notice within one year of the accrual of the claim if the public entity "has not been substantially prejudiced" and the plaintiff demonstrates "sufficient reasons constituting extraordinary circumstances" for missing the filing deadline. N.J.S.A. 59:8-9.

This determination requires "a fact-sensitive analysis of the specific case," McDade v. Siazon, 208 N.J. 463, 473-74 (2011) (citing N.J.S.A. 59:8-9), and consideration of the circumstances "on a case-by-case basis." O'Donnell v. New Jersey Tpk. Auth., 236 N.J. 335, 346 (2019) (citing Rogers v. Cape May County Office of Pub. Def., 208 N.J. 414, 428 (2011)). "The 'extraordinary circumstances' language was added by amendment in 1994 . . . to 'raise the bar for the filing of late notice from a "fairly permissive standard" to a "more demanding" one.'" Leidy v. Cty. of Ocean, 398 N.J. Super. 449, 456 (App. Div. 2008) (citations omitted) (quoting Beauchamp v. Amedio, 164 N.J. 111, 118 (2000) (quoting Lowe v. Zarghami, 158 N.J. 606, 625 (1999))).

A-1285-24

Plaintiff argues for an extension of time to file the notice of tort claim, citing her mistaken belief about the library's status as a state entity and referencing medical issues. For the first time on appeal, she raises new claims under the New Jersey Law Against Discrimination,[1] sovereign immunity, and claims regarding errors in transcribing the transcript of the July 19, 2024 oral argument. We decline to consider issues not properly presented to the trial court unless the jurisdiction of the court is implicated or the matter concerns an issue of great public importances. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). Neither of these circumstances exist here.

We first address plaintiff's primary contention that the motion judge erred in not permitting the late filing of the tort claim notice. Plaintiff argues for relief from a purported "clerical error" she made by filing a notice of tort claim with the State, which she filed in a timely manner and in good faith, instead of filing the notice with the City of Jersey City. The judge did not find plaintiff's assertion, that because her research revealed the library accepted state funding the notice needed to be served on the State of New Jersey, a "sufficient reason[] constituting extraordinary circumstances." N.J.S.A. 59:8-9. Plaintiff did not

---

[1] N.J.S.A. 10:5-1 to -50.

A-1285-24

demonstrate a reasonable basis for her confusion. Thus, we discern no error in the judge's determination.

We review a court's denial of reconsideration under Rule 4:49-2 for an abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J 567, 582 (2021) (citing Kornbleuth v. Westover, 241 N.J. 289, 301 (2020)). An abuse of discretion occurs when a court makes "a decision . . . without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Doglio v. Boasso Am. Corp., 484 N.J. Super. 534, 541 (App. Div. 2026) (quoting U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007))).

In this case, plaintiff points to no evidence or case law which the judge overlooked, or any "palpably incorrect or irrational basis" upon which the judge based his decision. Id. at 542 (quoting Kornbleuth, 241 N.J. at 301 (quoting Guido v. Duane Morris LLP, 202 N.J. 79, 87-88 (2010))). We discern no abuse of the judge's discretion in denying reconsideration of the July 19, 2024 order.

Plaintiff's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). However, we add only the following comment regarding plaintiff's contention that during oral argument the judge did

not permit her to "finish[] testifying" as to why she did not file a correct tort claims notice with the City. Plaintiff was required to set forth in her motion papers the extraordinary circumstances justifying the late filing. See R. 1:6-2(a) ("Every motion shall state . . . the grounds upon which it is made and the nature of the relief sought . . . ."). Although plaintiff did not articulate the grounds for her mistaken belief or error in judgment in her motion, the judge gave her latitude at oral argument to explain the situation. However, the judge properly prohibited her from relaying hearsay information that was not included in her moving papers nor submitted by way of affidavit. See R. 1:6-2(a); R. 1:6-6.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-1285-24